IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LINDA PENDLETON,**

      **Plaintiff,**

**v.**                                            **No. CIV 07-569 WPJ/LFG**

**ECLIPSE AVIATION CORPORATION,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Eclipse Aviation Corporation's ("Eclipse") opposed Motion for Leave to Amend Answer, filed January 18, 2008 [Doc. 36]. Plaintiff Linda Pendleton ("Pendleton") filed a response in opposition on February 4, 2008 [Doc. 39]. As there is no need for a reply, Eclipse's motion for leave to amend is ready for resolution.

### Eclipse's Motion for Leave to Amend

Eclipse seeks to amend its previously filed Answer [Doc. 3] to add an affirmative defense of after-acquired evidence, based on information Eclipse learned during discovery. Specifically, Eclipse asserts that discovery revealed several instances of misconduct by Pendleton that were sufficiently serious to have warranted Pendleton's termination, had Pendleton's employer learned of the misconduct. [Doc. 36.] The proposed affirmative defense states:

> Plaintiff's claim and damages, which are denied, are barred or reduced by the doctrine of after-acquired evidence.

[Doc. 36, Ex. 1, ¶ 38.]

Pendleton's primary argument is that Eclipse seeks to use the after-acquired evidence defense improperly. Pendleton asserts that the after-acquired evidence doctrine can only be used to limit damages such as front pay and reinstatement, but cannot act to bar a plaintiff's claims as Eclipse intends to assert. Pendleton also contends that the defense cannot be used to bolster Eclipse's stated legitimate non-discriminatory reasons to terminate Pendleton. Should the Court allow the amendment, Pendleton asks, in the alternative, that it limit Eclipse's use of the defense.

### **Legal Standard**

Federal Rule of Civil Procedure 15(a) governs the amendments of pleadings. "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend is committed to the sound discretion of the district court. First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1132 (10th Cir. 1987). Generally, leave to amend is freely granted unless there is evidence of flagrant abuse, bad faith, futility of amendment, undue or unexplained delay, or prejudice to the opposing party. Bauchman for Bauchman v. West High School, 132 F.3d 542, 562 (10th Cir. 1997), *cert. denied,* 524 U.S. 953 (1998); Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). Prejudice to the opposing party is the key factor in determining whether to grant a motion to amend. Rubio v. Turner Unified School Dist. No. 202, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006) (internal citation omitted).

Pendleton does not claim that she would be prejudiced if the amendment were allowed. Nor does Pendleton contend that Eclipse failed to plead the defense in a timely manner or that it would be futile to allow Eclipse to amend its Answer.

In reviewing the procedural history of this case, Eclipse had until the end of September 2007 to amend pleadings. However, discovery proceeded until January 21, 2008 because of the parties' joint request to extend the discovery deadline from December 19, 2007 until January 21, 2008. It appears, based again on the parties' joint request, that Plaintiff's deposition could not be scheduled until February 2008. The Court permitted the parties to take additional depositions outside the discovery deadline, as requested, and extended the deadline for filing discovery motions until March 7, 2008. [Doc. 32.] A bench trial in this matter is not set until June 2, 2008. [Doc. 18.]

Eclipse noted in its motion that it first learned of one incident of Plaintiff's alleged misconduct in December 2007. Eclipse promptly notified Pendleton's attorney of its intention to file a motion for leave to amend the answer to add a defense of after-acquired evidence. According to defense counsel, Pendleton's attorney did not indicate opposition to the present motion until January 10, 2008. [Doc. 36, exhibits.] Thus, the Court finds that Eclipse did not delay unreasonably in attempting to amend its Answer and that the request is timely.

In addition, Pendleton has not shown that she would be prejudiced by the amendment. Although discovery has just terminated (with some exceptions), Pendleton does not argue she needs additional discovery with respect to the newly raised affirmative defense. Moreover, this is not a case where Eclipse waited until the eve of trial to raise a new defense. The bench trial is still months away.

Nothing in this record demonstrates flagrant abuse, bad faith or futility of the amendment on the part of Eclipse. Furthermore, contrary to Pendleton's assertion that Eclipse intends to use the defense to bar all of Plaintiff's claims, the proposed Answer states that Eclipse may raise the defense either as a bar or to reduce damages. In addition, the issue of whether the defense bars Plaintiff's claims or whether the after-acquired evidence may be used for purposes of explaining Eclipse's

legitimate non-discriminatory reasons for an adverse employment action is a topic more appropriately raised in dispositive motion practice. Thus, the Court denies the request to limit Eclipse's use of the defense at this stage of the proceeding.

To the extent that Eclipse is required to demonstrate "good cause" for leave to modify its earlier deadline to amend the answer, the Court concludes good cause has been shown. *See* Stoney v. Cingular Wireless L.L.C., 2007 WL 1772055 at *1 (D. Colo. June 18, 2007) (discussing two-step analysis for allowing an amendment of a pleading after the scheduling order deadline). Here, the after-acquired evidence was not revealed in discovery until after Eclipse's deadline to amend had passed. The Court also finds that the Pendleton has not demonstrated she would be prejudiced by the amendment, and that leave should be "freely given" under the circumstances of this case. *See* Fed. R. Civ. P. 15(a).

IT IS THEREFORE ORDERED that Defendant Eclipse's Motion for Leave to Amend Answer [Doc. 36] is GRANTED, and the Amended Answer should be filed no later than ten (10) days after entry of this Order.

                                                      */s/ Lorenzo F. Garcia*
                                                      Lorenzo F. Garcia
                                                      Chief United States Magistrate Judge