IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LINDA PENDLETON,**

      **Plaintiff,**

v.                                                         No. CIV 07-569 WPJ/LFG

**ECLIPSE AVIATION CORPORATION,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL**

THIS MATTER is before the Court on Defendant Eclipse Aviation Corporation's ("Eclipse") Motion to Compel Plaintiff's Answers to Interrogatories and Requests for Product, filed January 10, 2008. [Doc. 34.] Plaintiff Linda Pendleton ("Pendleton") filed a response on February 4, 2008. [Doc. 40.] On February 19, 2008, Eclipse filed its reply. [Doc. 45.] After careful consideration of the pleadings and pertinent law, the Court grants the motion in part and denies it in part.

**Background**

Pendleton sued Eclipse for alleged discrimination and retaliation on the basis of sex, age and disability. She claims Eclipse unlawfully terminated her from her position. Pendleton seeks an award of damages for lost wages, benefits and emotional distress. Eclipse denies the allegations and claims it had legitimate, non-discriminatory reasons for its employment decision. Eclipse further denies that Pendleton pled an allegation of retaliation. [Doc. 11.]

1

**Eclipse's Motion to Compel**

Eclipse served Pendleton with written interrogatories and requests for production and received answers and documents in response. Eclipse was not satisfied with all of the responses and asked Pendleton to supplement several of her responses to the discovery. [Doc. 34, Ex. 2.] Pendleton provided a number of supplemental responses but Eclipse asks the Court to compel additional information. In its reply, Eclipse clarified that some of the initial disputes now are resolved.

I.   INTERROGATORIES

  A.   Interrogatory No. 9:

Interrogatory No. 9 requested Plaintiff to "describe and quantify each element of damages you allege you have sustained in this matter as result of the alleged actions of the Defendant. Your description should include the manner in which you have calculated the alleged damages, as well as a list of all documents supporting each category of damages." Eclipse also requested the contact information of any person who assisted in preparing Pendleton's damage calculations or who might be called to testify regarding damages.

In her first response, Pendleton stated she was deprived of 5.75 months of salary for a total of $27,708. She also claimed her eventual social security benefit would be reduced due to a period of unemployment after her termination. She alleged her reputation was damaged by false statements by Eclipse and that she did not receive stock options had her employment continued. In addition, she requested damages for emotional distress, "attorney's fees including costs." [Doc. 34, Ex. 1.]

Pendleton's first supplemental answer asserted that she also did not have health insurance from September 2005 (the date she was terminated) and March 1, 2006 (when she obtained a new job).

In a second supplemental answer, Pendleton stated that damages for emotional distress and loss of reputation will be determined at trial. [Doc. 34, Ex. 3.]

Eclipse contends that it is entitled to more specific information quantifying Pendleton's alleged damages along with a list of documents supporting each category of damages and the names of any individuals expected to testify about Plaintiff's alleged damages.

Pendleton argues that she fully answered Interrogatory No. 9 with computations of all her lost wages and "other damages that can be calculated with certainty." In addition, she states that emotional distress damages are the province of the factfinder and need not be quantified at this stage of the proceeding.

Rule 26 of the Federal Rules of Civil Procedure provides that a party must, without awaiting a discovery request, provide

> a computation of each category of damages claimed . . ., who must also make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

Fed. R. Civ. P. 26(a)(1)(A)(iii). The Court rejects Pendleton's claim that she is unable to calculate with certainty some of the categories of damages she seeks. Pendleton should be able to calculate, for example, the amount of damages she seeks with respect to lost social security, lost health insurance, and lost stock options. She is directed to do so and to provide that information to Defendant within ten (10) days after entry of this Order. In addition, Pendleton must provide Eclipse any related documents or materials concerning how she reached these computations and the identities of any individuals who prepared the calculations or who may testify at trial on damages.

3

Eclipse clarified in its reply that it never requested a computation for Pendleton's alleged emotional distress damages. That determination is for the factfinder to make. *See* UJI 13-1807 (Pain and Suffering). The Court does not require Pendleton to specify how much she seeks in attorney's fees and costs. While those amounts might have been relevant to prepare for a settlement conference, Eclipse has supplied the Court with a letter that it has made an irrevocable pretrial determination to litigate this matter rather than proceed to a settlement conference. Thus, the Court does not find that the computation of attorney's fees and costs, at this stage of the proceeding, is relevant. Should Plaintiff prevail at trial, she may be directed to provide information concerning her reasonable attorney's fees and costs.

B.      Interrogatory No. 10:

Interrogatory No. 10 asked Pendleton to describe "in detail the sources and amounts of all wages, salary, tips, bonuses, fees, payments and/or all forms of earned or unearned income of financial support, including any forms of benefits from any government agency . . . you have received since January 1, 2005."

In her supplemental answer, Pendleton stated she received approximately $1,200.00 in unemployment benefits from September 2005 to January 2006 and approximately $143,750.00 in wages from her subsequent employer for February 1, 2006 to December 2007. [Doc. 34, Ex. 3.] She also received approximately $46,664.00 in wages from Eclipse for January 2005 to September 2005.

Eclipse observes that in response to Interrogatory No. 15, Pendleton answered that she had received "approximately $15,000.00 in royalties since 1995, but it can vary." The royalties are for a textbook Pendleton wrote. Eclipse initially asserted that Pendleton should be directed to answer Interrogatory No. 10 in more detail with respect to the book royalties. However, after Pendleton

4

testified in her deposition regarding book royalties, Eclipse now observes this issue has become moot. Thus, Pendleton need not supplement her response with respect to book royalties. Nor will the Court require Pendleton to supplement her response regarding possible income she gained from writing articles, as requested in Eclipse's reply.

The Court determines that Pendleton has fully answered Interrogatory No. 10, and that no additional response is necessary.

C.  Interrogatory No. 15:

This interrogatory specifically asked Pendleton what she was paid through the date of her response to discovery for the book she wrote, entitled "Flying Jets," whether she received ongoing royalty payments, or whether she still was being paid for writing the book. The interrogatory also requested information about any payment agreements between the publisher and Pendleton.

Pendleton initially objected to the relevancy of this interrogatory but stated in a supplemental answer that she had received approximately $15,000.00 in royalties since 1995, although the amount of royalties varied.

Eclipse contends that "knowledge of any and all sources of income is essential in allowing the fact finder to properly assess the extent of hardship allegedly suffered by Plaintiff." Eclipse further asserts that the royalty payments Pendleton has received, is receiving and may receive are highly relevant in allowing a jury to assess the degree of financial injury allegedly suffered by Pendleton as a result of Defendant's action. Pendleton argues that more detailed information has no bearing on this case when the book was published 13 years ago and 7 years before working for Defendant.

The Court agrees that the amount of royalties from a book published well before Pendleton's employment with Eclipse is not relevant or reasonably calculated to lead to the discovery of admissible

evidence. Clearly, Pendleton's subsequent employment and salary are relevant to her duty to mitigate her damages. However, her ongoing book royalties are not relevant to her claims. In addition, the request for "all sources of income and support" is not reasonably calculated to lead to the discovery of admissible evidence. For example, in terms of mitigation, Pendleton would not be expected to go out in 2005 and increase efforts to market her 1995 book

Plaintiff need not supplement her response to Interrogatory No. 15, nor are agreements with the publisher reached in 1995 relevant to her claims now.

D.    Interrogatory No. 16:

In its reply, Eclipse states that this interrogatory is no longer at issue.

II.   REQUESTS FOR PRODUCTION

A.    Request Nos. 8 & 10:

In its reply, Eclipse states that these document requests are no longer at issue.

B.    Request No. 13:[1]

Eclipse states that this request sought documents to support Pendleton's claims for damages, specifically her claims of reduced social security benefits, lost stock options, damages due to an inability to obtain health insurance, etc. Pendleton responded in her opposing brief by stating she had fully answered Request for Production No. 15.

To the extent that the discovery dispute concerns Request No. 13, the Court has already directed Pendleton to supplement her answer to Interrogatory No. 9 and to produce any related

---

[1] Request No. 13 was not attached as an exhibit to the motion to compel. The local rules require that a party seeking relief under Rules 26(b) or 37(a), must attach a copy of the written discovery request to the motion, along with the other party's response. D.N.M. LR-Civ 37.1. Notwithstanding this failure, the Court addresses Request No. 13 because it is somewhat duplicative of Interrogatory No. 9, a copy of which was attached to the motion to compel. Eclipse does not discuss Request No. 13 or 15 in her reply. It is unclear which document request, if either, is still at issue.

supporting documentation.  *See infra*, p. 3.  Provided Pendleton complies with the Court's directive concerning Interrogatory No. 9, she need not supplement her response to Request No. 13.

      C.      <u>Request No. 16</u>:

This document request has been resolved.

## **<u>Summary</u>**

For the reasons stated above, the Court grants the Motion to Compel in part and denies it in part.  To the extent that Pendleton is requested to produce supplemental answers and responses, she should provide that information to Eclipse within 10 (ten) days after entry of this Order.  The Court declines to award fees and costs to either party.  *See* Fed. R. Civ. P. 37(a)(4)(C).

IT IS THEREFORE ORDERED that Defendant Eclipse's Motion to Compel Plaintiff's Answers to Interrogatories and Requests for Product [Doc. 34] is GRANTED in part and DENIED in part, as described herein.

                                                */s/ Lorenzo F. Garcia*
                                                Lorenzo F. Garcia
                                                Chief United States Magistrate Judge